TOMÁS E. GUAL, demandante y recurrente, *v.* SUCESIÓN SOBRINOS DE ANTONIO RIBOT, ETC., ET AL., demandada y recurrida.

*Número:* R-62-198     *Resuelto:* 25 de abril de 1963

*Norman A. Pardo,* abogado del recurrente; *Rodríguez Ema & Rodríguez Ramón, Rodolfo Sequeira* y *Nicolás Jiménez,* abogados de la recurrida.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 3 de agosto de 1959, la Administración de Estabilización Económica emitió un requerimiento de reembolso dirigido al casero Sobrinos de Antonio Ribot para que reembolsara a la inquilina Borinquen Furniture Co., Inc., la cantidad de $6,355 por concepto de suma cobrada en exceso del alquiler máximo fijado. Después de una vista en reconsideración, dicho requerimiento fue confirmado convirtiéndose en firme.

El propietario no pagó y en 2 de mayo de 1960 la inquilina Borinquen Furniture Co., Inc.,[1] inició demanda contra los miembros de la Sucesión de Antonio Ribot ante el Tribunal Superior, Sala de San Juan. Dicha demanda fue desestimada mediante resolución (sentencia) declarando que la causa de acción ejercitada estaba prescrita a tenor con el Art. 8(h)

---

[1] Dicho inquilino cedió su derecho o causa de acción a Tomás E. Gual, quien le sustituyó en la acción ejercitada.

de la Ley de Alquileres Razonables. En un recurso de revisión revocamos dicha sentencia y devolvimos el caso para ulteriores procedimientos. *Borinquen Furniture Co., Inc.* v. *Sucn. de Antonio Ribot, etc.*, Núm. 511, resuelto en 19 de febrero de 1962.

█ Señaladas para vista y discutidas las cuestiones de derecho levantadas en la contestación a la demanda enmendada, el Tribunal Superior volvió a dictar sentencia declarando sin lugar la referida demanda enmendada porque (1) la acción ejercitada fuera del año desde la emisión de la orden de reembolso, estaba prescrita, y (2) la demandante estaba impedida de promover reclamación alguna por estar basada la misma en una relación contractual con causa ilícita en la cual participó la demandante como co-autora.

El primer fundamento de la sentencia es insostenible. La cuestión de la prescripción de la acción ejercitada había sido ya resuelta por este Tribunal en contra de los demandados en el recurso de revisión a que ya hemos hecho referencia, fundándonos en el caso de *Eisele* v. *Orcasitas*, 84 D.P.R. 360 (1962) donde dijimos: "Considerada la política pública detrás de la Ley de Alquileres Razonables, para darle cabal efectividad y hacer cumplir sus propósitos, procede reconocer en las cortes la facultad de dictar una sentencia judicial haciendo efectivo el importe de un reembolso de sobreprecios pagados en exceso, reembolso éste reconocídole por ley al inquilino. Puede considerarse como una acción corriente de cobro de dinero o de restitución de lo indebidamente pagado, o para evitar un enriquecimiento injusto e ilegal. Se cumplen mejor los propósitos de la Ley con que el casero no retenga el fruto de su incumplimiento de la misma." Luego agregamos: "El requerimiento de devolución debe surgir bien de una orden a tal efecto dictada por el Administrador, o bien de un alquiler ya fijado por el Administrador, o por la propia Ley."

No se trata pues de una acción de daños y perjuicios que emana del Art. 1802 del Código Civil, ([2]) según erróneamente resolvió el tribunal de instancia, y la cual prescribe al año según el Art. 1868 del mismo Código. ([3])

Tampoco puede sostenerse el segundo fundamento de la sentencia objeto de revisión. Resolvió el tribunal a quo que habiendo la arrendataria Borinquen Furniture Co., Inc., participado con los arrendadores en un contrato mediante el cual se convino en una causa contraria a la ley (fijación de un canon de arrendamiento en exceso del canon máximo legal) estaba impedida de reclamar restitución alguna de los cánones pagados en exceso, según la máxima equitativa de *"memo auditud suam turpitudinen allegans"* que halla expresión en los Arts. 1257 y 1258 de nuestro Código Civil (31 L.P.R.A. secs. 3516 y 3517).

Evidentemente el tribunal sentenciador olvidó las razones que movieron a nuestra legislatura a aprobar un estatuto especial sobre inquilinato y que conocemos como la "Ley de Alquileres Razonables". Debido a que el problema de la vivienda era de los más serios con que se confrontaba el Pueblo de Puerto Rico, dicha ley declara en su exposición de motivos, que las viviendas, solares donde están radicados albergues pertenecientes a otras personas y edificaciones que se usen para negocios y propósitos comerciales e industriales están revestidos de interés público y "que los cánones de arrendamiento y todos los términos y condiciones para el uso u ocupación de tales propiedades deberán ser justos y razonables, y todo contrato, arrendamiento, término, o condición para el uso u ocupación de tales propiedades, que sea abusivo, injusto, irrazonable u opresivo, se declara por la presente contrario a las normas públicas". "Para asegurar adecuada protección al pueblo de Puerto Rico—expresa en otra parte la declaración de motivos—en lo que concierne a este grave problema de

([2]) 31 L.P.R.A., Sup. Acum. 1962, sec. 5141.

([3]) 31 L.P.R.A. sec. 5298.

la vivienda, falta, sin embargo, legislación apropiada sobre inquilinato, a fin de evitar la especulación por parte de los arrendadores, de garantizar alquileres razonables y de amparar convenientemente los derechos de los inquilinos."

■ Para lograr estos propósitos la ley fijó los alquileres razonables. Estableció un "alquiler básico" que era el que se pagaba el primero de octubre de 1942 y además dio facultad al Administrador para fijar el alquiler razonable siguiendo las normas señaladas en la propia ley. En su Art. 6 dispuso: "No obstante lo que disponga en contrario cualquier contrato, pacto o convenio celebrado ya, o a celebrarse en lo sucesivo, ningún propietario podrá cobrar ni recibir por el uso, ocupación o arrendamiento de una propiedad de alquiler un canon mayor que el alquiler básico o el alquiler razonable que fije el Administrador, según fuere el caso; Disponiéndose, sin embargo, que podrán cobrarse, pagarse o recibirse cánones más bajos que el alquiler básico o el alquiler razonable."

Considerando la urgente necesidad de algunas personas de ocupar las escasas propiedades de alquiler, el legislador previó la concertación de contratos de arrendamiento en los que se convendría un canon mayor que el alquiler básico o el alquiler razonable que fijara el Administrador y dispuso para tales casos, una prohibición al propietario de cobrar o recibir un canon mayor que el alquiler básico o el alquiler razonable. No se dispuso en la ley que tal contrato sería nulo. No lo sería por falta de causa pues en definitiva en todo contrato de inquilinato la causa sería el canon fijado por ley (alquiler básico) o el fijado por el Administrador (alquiler razonable), excepto cuando el propietario y el inquilino convinieran cánones más bajos que aquéllos.

■ La doctrina de la causa ilícita no se aplica a los contratos de inquilinato bajo la Ley de Alquileres Razonables; pero aun si se aplicara, dicha doctrina no impediría al inquilino reclamar judicialmente la devolución de las sumas paga-

das en exceso del alquiler básico o el alquiler razonable que fije el Administrador. El Art. 1257 del Código Civil, invocado en la sentencia del tribunal a quo, dispone:

"Cuando la nulidad provenga de ser ilícita la causa u objeto del contrato, si el hecho constituye un delito o falta común a ambos contratantes, carecerán de toda acción entre sí, y se procederá contra ellos, dándose además a las cosas o precio que hubiesen sido materia del contrato, la aplicación prevenida en el Código Penal, Título 33, respecto a los efectos o instrumentos del delito o falta.

"Esta disposición es aplicable al caso en que sólo hubiere delito o falta de parte de uno de los contratantes; *pero el no culpado podrá reclamar lo que hubiese dado,* y no estará obligado a cumplir con lo que hubiere prometido." (Énfasis suplido.)

Ya hemos visto que el Art. 6 de la Ley de Alquileres Razonables prohibe a los propietarios no obstante un contrato en contrario, cobrar ni recibir por el uso, ocupación o arrendamiento de una propiedad de alquiler un canon mayor que el alquiler básico o el alquiler razonable que fije el Administrador. La ley fue más lejos y castiga como delito la violación de esa prohibición. Al efecto, en su Art. 19 dispone en lo pertinente: "Todo propietario que cobre un alquiler mayor que el alquiler básico o el alquiler razonable que fije el Administrador, según fuere el caso, . . . incurrirá en un delito menos grave y convicto que fuere, se castigará con una multa no menor de veinticinco (25) dólares o cárcel por término no menor de diez (10) días, o ambas penas a discreción del tribunal."

El inquilino que ha convenido pagar o ha pagado un alquiler mayor que el alquiler básico o el alquiler razonable que fije el Administrador, no incurre en delito y sería por tanto, el no penado a que se refiere el Art. 1257 del Código Civil, y por ende, con derecho a reclamar lo que hubiese dado, que conforme a la Ley de Alquileres Razonables y a lo resuelto en el caso de *Eisele* v. *Orcasitas*, supra, sería el exceso del canon máximo legal.

*Siendo errónea la sentencia dictada por el Tribunal Superior, se revocará y se devolverá el caso para ulteriores procedimientos.*